UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| OPIE W. GLASS, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. 3:13-CV-379 JD |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Opie W. Glass, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) In MCF #13-02-0269, a hearing officer found Glass guilty of engaging in an unauthorized financial transaction, resulting in the loss of earned-time credits and other sanctions. (DE 11-6.) The charge was initiated on February 20, 2013, when Internal Affairs Officer S. Starkey wrote a conduct report stating as follows:

> I, Program Coordinator 5, S. Starkey monitored a phone call in the Offender Telephone System that was identified by PIN number as Opie Glass 137448.
>
> The call was made 1/21/13 at 20:09 to 317-509-5140 to a person listed by him as Marlene Palmer, Grandmother.
>
> Information obtained during the call indicated the caller was receiving a Green Dot number.[1]
>
> The number was submitted to Indianapolis.

(DE 11-1.)

---

[1] "Green Dot" is an anonymous debit card service that allows a person to purchase a reloadable or prepaid debit card and its accompanying number. Inmates can use this system to move money without detection. *See Hernandez v. Brown,* No. 2:13-CV-134, 2013 WL 5658056 (S.D. Ind. order dated Oct. 15, 2013).

On February 22, 2013, Glass was formally notified of the charge and given a copy of the conduct report. (DE 11-1, DE 11-2.) He pled not guilty, requested a lay advocate, did not request any witness statements, and requested "phone calls" as physical evidence. (DE 11-2.) Prior to the hearing, the hearing officer listened to the taped phone conversation per Glass's request, and summarized it as follows: "On the date of 2/22/13 a phone conversation is being reviewed for Offender Glass DOC #137448. During the phone conversation this offender received a series of fourteen digits believed to be green dot numbers." (DE 11-5.) On March 1, 2013, the hearing officer conducted a hearing on the charge. (DE 11-6.) Glass stated that he "would not have done it after the first time if they would have wrote me up." (*Id.*) Based on the evidence, the hearing officer found him guilty. (*Id.*) His administrative appeals were denied (DE 11-7, DE 11-8), and he then filed this petition.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Glass raises a number of claims based on violations of Indiana Department of Correction ("IDOC") policies, specifically, the rules governing progressive discipline and the time frame for issuing a conduct report. (DE 1 at 4-5.) However, even if Glass is correct that prison

policies were not followed, it would not entitle him to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief cannot be granted for violations of state law); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (claim premised on violation of prison policy was not cognizable in federal habeas proceeding). Accordingly, these claims must be denied.

Giving the petition liberal construction, Glass may also be claiming that his rights were violated because he was punished separately for eight different financial transactions. (*See* DE 1 at 4.) His claim appears to be that an IDOC policy precluding "stacking" of disciplinary charges was not followed, but as stated above, a violation of IDOC policy would not entitle him to federal habeas relief. *Estelle*, 502 U.S. at 67-68. To the extent he is trying to raise a double jeopardy challenge, his argument is unavailing, since double jeopardy principles do not apply in the prison disciplinary context. *See Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996).

For these reasons, the petition (DE 1) is DENIED.

SO ORDERED.

ENTERED:  December 16, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court